**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFONSO ANDRADE HERNADEZ, AKA Alfonso Andrade Hernandez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-70052 <br><br> Agency No. A092-049-270 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 26, 2023[**]
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

Alfonso Andrade Hernandez (Hernandez), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

denying a motion to *sua sponte* reopen his immigration proceedings. We generally

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of a motion to reopen. *See Perez-Camacho v. Garland*, 54 F.4th 597, 603 (9th Cir. 2022). But, "we have no jurisdiction to review the BIA's sua sponte authority," *Lona v. Barr*, 958 F.3d 1225, 1232 (9th Cir. 2020), except "for the limited purpose of reviewing the reasoning behind the decision[ ] for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016), *as amended*. We review de novo due process claims. *See Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020).

The BIA did not commit legal error when determining that Hernandez's nolo contendere plea to violating California Health and Safety Code § 11378 (possession of methamphetamine for sale) constituted a removable controlled substance offense. In *United States v. Rodriguez-Gamboa*, 972 F.3d 1148, 1552, 1153–54 (9th Cir. 2020), we concluded that there is a "categorical match" between § 11378 and the Controlled Substances Act. Although the BIA's decision predates our decision in *Rodriguez-Gamboa*, it correctly reasoned that Hernandez failed to demonstrate "a realistic probability" that a person would be prosecuted under § 11378 for possession of geometric isomers of methamphetamine that are not included in the federal Controlled Substances Act. *See id.* at 1154.

We reject Hernandez's arguments that his nolo contendere plea is distinguishable from the guilty plea in *Rodriguez-Gamboa*, and therefore his

conviction for a violation of § 11378 was not a removable offense. In Hernandez's prior appeal, we determined that these contentions are foreclosed by our precedent. *See Hernandez v. Sessions*, 715 F. App'x. 708, 709 (9th Cir. 2018).

Hernandez also argues that the BIA violated his right to due process by declining to exercise its discretion to reopen his case *sua sponte*. Hernandez does not assert that the BIA committed legal or constitutional error, *see Bonilla*, 840 F.3d at 588, but instead, contends that our decision in *Lorenzo v. Sessions*, 902 F.3d 930 (9th Cir. 2018), was a significant change in law establishing exceptional circumstances for the BIA to reopen his case *sua sponte*. But we have repeatedly held that we do not have jurisdiction to review BIA decisions not to *sua sponte* reopen a case. *See Bonilla*, 840 F.3d at 585–86. Because the BIA committed no legal or constitutional errors in declining to exercise its *sua sponte* authority, we lack jurisdiction to review the decision on this basis. *See id.* at 588.

Finally, we lack jurisdiction to consider Hernandez's argument that initiating removal proceedings for a conviction that happened seven years earlier violated due process and the Double Jeopardy clause because he did not raise that argument before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (noting that the court lacks jurisdiction to review claims not presented to the agency).

**PETITION DENIED in part and DISMISSED in part.**